# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | | |
|---|---|---|
| **ANTHONY EUGENE BROOKS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:09-1547** |
| | ) | |
| **D. BERKEBILE,** | ) | |
| **Warden, FCI Beckley,** | ) | |
| | ) | |
| Respondent, | ) | |

and

| | | |
|---|---|---|
| **ANTHONY EUGENE BROOKS** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **CIVIL ACTION No. 5:10-0982** |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Petitioner's Motion to Proceed Without the Prepayment of Fees (Civil Action No. 09-01547, Document No. 12.), and Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Civil Action No. 09-01547, Document Nos. 1, 4, 7, 9, 23 and Civil Action No. 5:10-0982, Document No. 1.).[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

636(b)(1)(B). (Civil Action No. 09-01547 and Civil Action No. 5:10-0982, Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Eastern District of Virginia; and (3) in any event, Petitioner is not entitled to relief under Section 2241.

## FACT AND PROCEDURE

On March 25, 2005, Petitioner was convicted by a jury in the United States District Court for the Eastern District of Virginia of being a Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). United States v. Brooks, Criminal Action No. 4:05-0006 (E.D.Va. Aug. 16, 2005). On August 16, 2005, the District Court sentenced Petitioner to a 87-month term of imprisonment, to be followed by a three-year term of supervised release. Id., Document No. 33. Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals.[2] Id., Document No. 34. On July 13, 2006, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Brooks, 189 Fed.Appx. 284 (4th Cir. 2006). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on November 13, 2006. Brooks v. United States, 549 U.S. 1041, 127 S.Ct. 603, 166 L.Ed.2d 447 (2006).

On January 30, 2007, Petitioner filed in the Eastern District of Virginia a Motion Under 28

---

[2] Petitioner presented the following arguments on appeal: (1) The District Court erred in denying his Rule 29 Motion as it related to the first count in the Indictment; (2) The District Court abused its discretion in denying his Motion for a New Trial; and (3) The District Court erred in imposing an unreasonable sentence.

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Brooks, Criminal Action No. 4:05-0006, Document No. 54. Petitioner asserted the following grounds for *habeas* relief: (1) Justice was obstructed because Detective Kevin C. Hartian committed perjury by testifying in his trial; and (2) One or more members of the Newport News Police Department tampered with videotape evidence. Id. On September 5, 2007, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 61. Petitioner appealed the District Court's decision to the Fourth Circuit. Id., Document No. 62. The Fourth Circuit denied Petitioner's certificate of appealability and dismissed his appeal on August 21, 2008. United States v. Brooks, 291 Fed.Appx. 532 (4th Cir. 2008).

On September 23, 2008, Petitioner filed in the Eastern District of Virginia a Motion for Rule 60(b) Relief. Brooks, Criminal Action No. 4:05-0006, Document No. 83. By Order entered on February 4, 2009, the District Court construed Petitioner's Motion for Rule 60(b) Relief as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissed the Motion as successive. Id., Document No. 86. On March 30, 2009, Petitioner filed Motions for Leave to Amend his Rule 60(b) Motion. Id., Document Nos. 89 and 91. By Order entered on April 15, 2009, the District Court construed Petitioner's Motions for Leave to Amend his Rule 60(b) Motion as a Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissed the Motions as successive. Id., Document No. 93. On April 17, 2009, Petitioner filed a Motion for Writ of Audita Querela. Id., Document No. 95. By Order entered on June 16, 2009, the District Court construed Petitioner's Motion for Writ of Aduita Querela as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissed the Motion as successive. Id., Document No. 98. On

June 24, 2009, Petitioner filed a "Motion for Rule 60(b)(3) Fraud on the Court" and "Motion Under Rule 60(b)(4)." Id., Document Nos. 100 and 101. On June 29, 2009, Petitioner filed a "Motion to Amend Rule 60(b)(4) Jurisdiction." Id., Document No. 105. On August 10, 2009, Petitioner filed a Motion Under Rule 60(b)(4) for Void Judgment." Id., Document No. 107. By Order entered on August 11, 2009, the District Court denied Petitioner's Motion for Rule 60(b)(3) Fraud on the Court (Document No. 100), Motion Under Rule 60(b)(4) (Document No. 100), and Motion to Amend Rule 60(b)(4) Jurisdiction (Document No. 105.). Id., Document No. 108.

On August 12, 2009, the Fourth Circuit denied Petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255. Id., Document No. 109. By Order entered on September 1, 2009, the District Court denied Petitioner's Motion Under Rule 60(b)(4) for Void Judgment. Id., Document No. 113. On September 14, 2009, the Fourth Circuit denied Petitioner's second Motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a successive application for relief under Section 2255. Id., Document No. 114. On October 20, 2009, Petitioner filed a Motion for Reconsideration of Prior Rule 60(b) Motion. Id., Document No. 115. By Order entered on February 9, 2010, the District Court construed Petitioner's Motion for Reconsideration of Prior Rule 60(b) Motion as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissed the Motion as successive. Id., Document No. 117. On April 7, 2010, the Fourth Circuit denied Petitioner's third Motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a successive application for relief under Section 2255. Id., Document No. 118. On July 22, 2010, Petitioner filed his "Great Writ Attacking Jurisdiction and Motion Attacking Unconstitutional and Illegal Sentence." Id., Document No. 123. By Order entered on August 5,

2010, the District Court construed Petitioner's "Great Writ Attacking Jurisdiction and Motion Attacking Unconstitutional and Illegal Sentence" as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and dismissed the Motion as successive. Id., Document No. 124.

On December 28, 2009, Petitioner filed the instant Application challenging his conviction in the Eastern District of Virginia. (Civil Action 5:09-01547, Document Nos. 1 and 4.) Petitioner asserts the following grounds for *habeas* relief:

1. Manifested Injustice: The instant Indictment is illegally obtained with perjured testimony to a Grand Jury and the October 19, 2004, illegal video taping has been criminally altered, doctored and re-edited by police to falsely convict Brooks. I have transcripts and a letter from attorney claiming video altered.

2. Newly Discovered Evidence: In a letter dated August 17, 2006, my attorney of record, Mr. Keith L. Kimball, has reviewed the October 19, 2004, police video and he claims in a letter (enclosed) that the video no longer contains me. All this was discovered after my direct appeal and I'm procedurally defaulted on my 2255. Being a layman, I didn't argue ineffective assistance of counsel, my 6th Amendment Right. I was never, ever given an evidentiary hearing to prove these allegations, which now I have confirmed proof.

3. Jurisdiction: The Court never had jurisdiction because the instant Indictment to the Grand Jury is perjured by the police agent, Hartian. I was never found to be in that room.

4. Counsel wasn't acting as 6th Amendment Counsel: My attorney never asked that this video be viewed at trial. Then at sentencing my attorney realized the tape was valuable to my case. However, now the Judge chose not to view the criminally tainted video tape.

5. Actual innocence: The evidence I've presented along with supporting affidavits proves my claim.

(Id., Document No. 4, pp. 6 - 8, Document No. 1, pp. 14 - 16, and Document No. 1-2, p. 27.) In support of his Petition, Petitioner attaches the following Exhibits: (1) A copy of page 2 of a letter

5

to Petitioner from Attorney Keith Kimball stating that the video "does not show those things that you indicate in your letter" and "it is not exculpatory in any sense" (Id., Document No. 4, p. 9.); and (2) A copy of his "Motion Under 28 U.S.C. § 2244 for Order Authorizing District Court to Consider Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 and 2255" as filed in the Fourth Circuit (Id., pp. 10 - 13.)

Also on January 4, 2010, Petitioner filed an Addendum to his Petition. (Document Nos. 1 and 5.) Petitioner's Addendum contains the following Exhibits: (1) A copy of letter dated February 6, 2009, to Petitioner from Congressman Robert C. Scott (Id., Document No. 1, p. 1.); (2) A copy of a letter dated May 5, 2009, to Petitioner from the Newport News Police Department (Id., p. 4.); (3) A copy of the docket sheet in Civil Action No. 6:09-0325 from the United States District Court for the Eastern District of Kentucky(Id., pp. 5 - 7.); (4) A copy of an Order dismissing without prejudice Petitioner's Section 2241 Petition in Civil Action No. 6:09-0325 as filed in the Eastern District of Kentucky (Id., pp. 8 - 11.); (5) A copy of page 2 of a letter to Petitioner from Attorney Keith Kimball stating that the video "does not show those things that you indicate in your letter" and "it is not exculpatory in any sense" (Id., p. 18.); (6) Petitioner's Affidavit dated September 27, 2006 (Id., Document No. 1-1, 13 - 16.); (7) A copy of the Application and Affidavit for Search Warrant (Id., pp. 18 - 19.); (7) A copy of pertinent pages from the transcripts of Petitioner's underlying criminal trial (Id., Document Mo. 1-2, pp. 1 - 21.); and (8) A copy of Petitioner's Motion for Discovery and Evidentiary Hearing as filed in the Eastern District of Virginia in Criminal Action No. 4:05-0006 (Id., 28 - 29.)

On January 4, 2010, Petitioner filed his Affidavit in Support of his Claim of Manifested Injustice, Perjury, Fraud on the Court, Criminal Tampering of Evidence, and Ineffective Assistance

6

of Counsel. (Id., Document No. 7.) On January 5, 2010, Petitioner filed a letter in support of his Section 2241 Petition. (Id., Document No. 8.) On March 1, 2010, filed a copy of his "trial brief" in support of his claim of actual innocence. (Id., Document No. 16.) On April 21, 2010, Petitioner filed a "Motion to Have Both Courts Share Joint Jurisdiction of 28 U.S.C. § 2241 Motion." (Id., Document No. 22.) On July 7, 2010, Petitioner filed a Motion to Amend his Section 2241 Petition.[3] (Id., Document No. 23.) Petitioner states that he wishes to amend his Petition as to his claims of malicious prosecution (Id., pp. 2 - 3.) and newly discovered evidence (Id., pp. 4 - 5.). On August 3, 2010, Petitioner filed a letter-form Motion to Transfer his Section 2241 Petition to the Eastern District of Virginia. (Id., Document No. 27.) In support , Petitioner attaches a copy of an Order as filed in the Eastern District of Virginia denying Petitioner's "Motion to Have Both Courts Share Joint Jurisdiction of 28 U.S.C. § 2241 Motion." (Id., pp. 3 - 4.)

On August 3, 2010, Petitioner initiated Civil Action No. 5:10-0982 by filing a "Motion Under Rule 35 of the Rules of Criminal Procedure Attacking Illegal Sentence." (Civil Action No. 5:10-0982, Document No. 1.) In his Motion, Petitioner challenges his conviction claiming that there was "no criminal complaint, the federal arrest warrant was perjured and illegal, and perjured testimony was presented to the grand jury by Police Agent Kevin Christopher Hartian." (Id., p. 1.) Petitioner alleges that the "indictment against Brooks is illegal and criminally obtained for there was no probable cause and the indictment and arrest warrant had to be criminally tainted, perjured, and it is defected." (Id.) Petitioner further contends that his "Fifth Amendment right to due process and Fourth Amendment right from unreasonable search and seizure have been violated." (Id., p. 3.) Petitioner asserts that the police have "criminally altered and doctored a police video tape," which

---

[3] By separate Order entered this day, the undersigned has granted Petitioner's Motion to Amend.

would have proven his innocence." (Id., pp. 1 and 3.) Petitioner, therefore, requests that this Court set aside his conviction. (Id., p. 2.)

By Order entered this day, the undersigned directed that Civil Action Nos. 5:09-1547 and 5:10-0982 be consolidated.

## **ANALYSIS**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an

additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of Virginia. Petitioner alleges that he was improperly convicted of being a felon in possession of ammunition. Specifically, Petitioner states that his conviction should be overturned based on the following: (1) Manifested Injustice; (2) Newly Discovered Evidence; (3) Lack of Jurisdiction; (4) Ineffective Assistance of Counsel; (5) Actual Innocence; and (6) Malicious Prosecution. Petitioner is clearly challenging the validity of his conviction, not the manner in which his sentence is being executed. Therefore, in view of the nature of Petitioner's claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

9

(Emphasis added.) It is also clear that a second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. This District Court therefore lacks jurisdiction to consider Petitioner's Section 2255 Motion because Petitioner was not sentenced in this District. Rather, jurisdiction is properly in the Eastern District of Virginia where Petitioner was sentenced. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[4]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence. Petitioner merely asserts that he

---

[4] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit has denied at least three of Petitioner's Motions under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

should be allowed to proceed under Section 2241 because he is procedurally barred from proceeding under Section 2255. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Accordingly, the undersigned recommends that Petitioner's Petition be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion to Proceed Without Prepayment of Fees (Civil Action No. 09-01547, Document No. 12.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Civil Action No. 09-01547, Document Nos. 1, 4, 7, 9, 23 and Civil Action No. 5:10-0982, Document No. 1.), and **REMOVE** these matters from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 17, 2010.

R. Clarke VanDervort
United States Magistrate Judge