IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ANTHONY EUGENE BROOKS,

          Petitioner,

v.                                      CIVIL ACTION NO.  5:09-cv-01547

D. BERKEBILE,

          Respondent.


ANTHONY EUGENE BROOKS,

          Petitioner,

v.                                      CIVIL ACTION NO.  5:10-cv-00982

UNITED STATES OF AMERICA,

          Respondent.


**MEMORANDUM OPINION AND ORDER**
**ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

      The Court has reviewed Petitioner's *Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Civil Action No. 5:09-cv-1547, Documents 1, 4), the assigned Magistrate Judge's *Proposed Findings and Recommendation* (Civil Action No. 5:09-cv-1547, Document 33) and Petitioner's objections thereto (Documents 35-36, 39-41).[1]  The Court finds, for the reasons stated

---

[1]  On August 3, 2010, Plaintiff initiated a new civil action, 5:10-cv-982, in which he filed a "Motion Under Rule 35 of the Rules of Criminal Procedure Attacking Illegal Sentence" (Document 1), which is denoted on the Court's docket as the following:

(continued...)

herein, that Petitioner's objections should be overruled and the Magistrate Judge's Proposed Findings and Recommendation ("PF&R") should be adopted.

*I.*

On March 25, 2005, Petitioner was convicted by a jury of being a prohibited person in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)), in the Eastern District of Virginia. On August 16, 2005, the District Court sentenced Petitioner to eighty-seven (87) months of imprisonment, to be followed by a three (3)-year period of supervised release. On August 26, 2005, Defendant appealed his conviction. In an unpublished opinion entered July 13, 2006, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. *United States v. Brooks*, 189 F. App'x 284 (4th Cir. 2006) (per curiam). The Supreme Court of the United States denied Petitioner's writ of certiorari on November 13, 2006. *Brooks v. United States*, 549 U.S. 1041 (2006).

On January 30, 2007, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody in which he alleged, *inter alia*, that Detective Kevin C. Hartian committed perjury by testifying in his trial. The sentencing court found that Petitioner was procedurally prevented from raising this claim since it was not raised on direct

---

[1](...continued)
08/03/2010 PETITION FOR WRIT OF HABEAS CORPUS by Anthony Eugene Brooks against United States of America pursuant to Title 28, United States Code, Section 2241, entitled by Plaintiff as "Motion under Rule 35 of the Rules of Criminal Procedure, "Attacking illegal sentence", "No criminal Complaint" "Federal Arrest Warrant perjured and illegal." Perjured testimony to a Grand Jury by Police Agent "Kevin Christopher Hortian" Badge No. 651 of the Newport News, Virginia Police Department and a "criminally altered and doctored Police Video Tape showing the actual truth to No crime being done."

On August 17, 2010, the assigned Magistrate Judge found that the above-captioned civil actions contained common questions of law and ordered that the cases be consolidated, with Civil Action No. 5:09-cv-1547 designated as the lead action. (Civil Action No. 5:10-cv-982, Document 5; Civil Action No. 5:09-cv-1547, Document 32)

appeal, that he failed to show actual or factual innocence, and he did not–nor could he–raise an issue of ineffective assistance of counsel because his attorney pressed the argument with respect to Hartian's testimony during his case. The Court further found that the claim of perjury was not meritorious in light of several admissions made by Petitioner which were sufficient to support his guilt. Petitioner also asserted that one or more members of the Newport News Police Department tampered with evidence, a videotape, in his case which he contends "mysteriously vanished." The court concluded Defendant's claim was an unsubstantiated assertion of government misconduct and concerned the contents of a videotape of which he was aware prior to his appeal. Finally, the sentencing court concluded that Petitioner's contentions, that his conviction was not supported by substantial evidence or that he was not allowed to cross-examine the confidential informant in his case, were without merit. *See Brooks v. United States*, Civil No.4:07cv10, 2007 WL 2688228 (E.D. Va. Sept. 5, 2007). The Fourth Circuit, on August 21, 2008, denied Petitioner a certificate of appealability and dismissed his appeal. *United States v. Brooks*, 291 F. App'x 532 (4th Cir. 2008) (per curiam) (unpublished decision).

Since the denial of the Section 2255 Motion, Petitioner has unsuccessfully engaged in post-conviction litigation for the past three years. As stated in greater detail in the Magistrate Judge's PF&R, Petitioner's post-conviction filings have been determined to be successive Section 2255 motions and dismissed. The Fourth Circuit has denied his requests for a certificate of appealability. (*See* PF&R at 3-4; *Brooks v. City of Newport News, Virginia*, No.2:07-cv-0574 (E.D. Va. Dec. 18, 2007) (dismissing case upon a finding that Plaintiff's 42 U.S.C. § 1983 complaint attacked the validity of his conviction), *aff'd* by 281 F. App'x 152 (4th Cir. 2008); *Brooks v. Wilson*, Civil Action No.6:09-cv-130-GFVT (E.D. KY. May 14, 2009) (dismissing Section 2241 Petition, pursuant to 28

3

U.S.C. §1915A, where the court concluded that Section 2241 was an improper vehicle to attack the validity of a conviction where Petitioner did not demonstrate that Section 2255 was inadequate or ineffective and failed to met the "actual innocence"component); *Brooks v. City of Newport News, Virginia*, No.2:09-cv-0269 (E.D. Va. June 15, 2009) (dismissing 42 U.S.C. § 1983 action, pursuant to 28 U.S.C. §1915A, upon a finding that Plaintiff's allegations that his Fourth Amendment rights were violated during the execution of a search warrant in 2004 and that Defendant Hartian committed perjury during his trial were barred by the statute of limitations); *Brooks v. Wilson*, Civil Action No.6:09-cv-325-GFVT (E.D. KY. December 17, 2009) (finding Petitioner failed to prosecute his Section 2241 Petition in a timely manner which resulted in a dismissal without prejudice to Petitioner filing a new Section 2241 petition in the jurisdiction where he is confined)).

Petitioner, currently an inmate at Federal Correctional Institute-Beckley ("FCI-Beckley"), filed the instant Section 2241 Petition on December 28, 2009, in Civil Action No.5:09-cv-1547.[2] In his Section 2241 Petition, he alleges that: he was charged by an indictment supported by perjured testimony and a videotape which was altered; the police tampered with a videotape, which he characterizes as new evidence, demonstrating his innocence and amounting to a *Brady* violation; his trial counsel was ineffective; the sentencing court lacked jurisdiction over his case because the charging indictment was supported by perjured testimony of police agent Hartian; and that he is actually innocent of the charged offense because he was never found in the bedroom which

---

[2] By Standing Order entered on December 28, 2009, this matter was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. (Document 2) Since Petitioner is proceeding *pro se,* his Petition will "be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

contained the ammunition. (Civil Action No. 5:09-cv-1547, Document 1 at 14-18, 27, Document 4 at 6-8).

On August 3, 2010, Petitioner initiated the second civil action by filing a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure (Civil Action No. 5:10-cv-982, Document 1), wherein he maintains his allegations that police agent Hartian provided perjured testimony to the grand jury and during his criminal trial–conduct he indicates is a form of malicious prosecution. Petitioner also continues to allege that the charging indictment was obtained illegally and without probable cause and that his right to be free from unreasonable search and seizure was violated. (*Id*).

*II.*

*A. Standard of Review*

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

*B. Applicable Law*

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief. A Section 2241 petition attacks

the manner in which a sentence is executed. 28 U.S.C. § 2241(a). A federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a).[3] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. § 2255(a). While a federal prisoner may not generally seek collateral relief from a conviction or sentence by way of a Section 2241 petition, there is an exception under the oft-referenced "savings clause" in Section 2255. That provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194. Additionally, Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

---

[3] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *Jones*, 226 F.3d at 333-34.); *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed limitations on the consideration of "second or successive" habeas petitions. The applicant of such a petition in the district court must obtain leave to do so from a panel of the court of appeals. (*See* Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court). Leave may be granted only if the proposed habeas petition contains claims resting on (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C.A. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir.2003). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." (*Id*. at 205) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir.2000)).

*III.*

In his PF&R, the Magistrate Judge found that Petitioner, in the instant filing, is challenging the validity of his conviction and sentence; that he has not demonstrated that Section 2255 is inadequate or ineffective to permit such a challenge pursuant to Section 2241; that his submissions should be considered as a Section 2255 motion; that Petitioner has previously litigated a Section 2255 motion; and that he has failed to obtain a certification or authorization from the appropriate Court of Appeals to proceed on a second or successive Section 2255 motion.

Notwithstanding Petitioner's assertion in his objections to the PF&R that he is "no longer arguing [his] conviction, which can only be attacked under a [Section 2255] motion . . . [he] now attacks solely [the] manner in which [his] sentence is being executed[]" (Civil Action No. 09-cv-1547, Document 63 at 3), a review of the entire record in the consolidated case reveals that he is requesting that his conviction and sentence be overturned by asserting constitutional violations and other grounds. In large part, Petitioner is attempting to re-litigate issues previously addressed by the sentencing court and the Fourth Circuit Court of Appeals. Additionally, in his objections, Petitioner merely restates arguments raised in his "Section 2241" petition without asserting specific objections to the PF&R.

The Court finds that while Petitioner may have styled his filing as a Section 2241 Petition, it is clearly a thinly veiled Section 2255 Motion. There has been a "longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *Winestock*, 340 F.3d at 203 (citing *United States v. Emmanuel*, 288 F.3d 644, 647 (4th Cir. 2002)). Moreover, just as the Magistrate Judge found without objection by Petitioner, he has not demonstrated, nor can he, that Section 2255 is inadequate or ineffective such that he is entitled

to resort to Section 2241. Petitioner has only alleged that he was previously prevented from asserting various arguments in a Section 2255 motion. As stated above, that is not an adequate ground to demonstrate proper use of a Section 2241 petition. Moreover, Petitioner does not challenge the Magistrate Judge's finding that he is raising a second or successive Section 2255 motion which has not been authorized by the Court of Appeals.

The Court has reviewed the Petitioner's objections and the entire record herein and finds that Petitioner's objections should be **OVERRULED**. The Court construes the instant petition and Rule 35 motion as a Section 2255 motion challenging the validity of a conviction or sentence. The Court lacks jurisdiction to consider Petitioner's Second or Successive Section 2255 motion absent authorization by the appropriate Court of Appeals.

Accordingly, the Court does hereby **ADOPT** and incorporate herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that Petitioner's *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Civil Action No. 5:09-cv-1547, Documents 1, 4) and Rule 35 motion (Civil Action No.5:10-cv-982, Document 1) be **DISMISSED**. The Clerk is directed to remove the instant matters from the docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability. The Clerk is directed to remove the instant matters from the docket.

   The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

      ENTER:  September 7, 2011

      _____
      IRENE C. BERGER
      UNITED STATES DISTRICT JUDGE
      SOUTHERN DISTRICT OF WEST VIRGINIA